**COMMONWEALTH OF KENTUCKY ex rel. DEPARTMENT OF ECONOMIC SECURITY et al.**

**v.**

**HOBBY et al.**

**No. 11826.**

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 17, 1953.

Decided Jan. 7, 1954.

---

2. Harvey v. United States, 1952, 91 U.S.App.D.C. 36, 197 F.2d 594.

Mr. David L. Krooth, Washington, D. C., with whom Mr. Norman S. Altman, Washington, D. C., was on the brief, for appellants.

Mr. Oliver Gasch, Principal Asst. U. S. Atty., Washington, D. C., with whom Messrs. Leo A. Rover, U. S. Atty., and William J. Peck, Asst. U. S. Atty., Washington, D. C., at time brief was filed, were on the brief, for appellees. Mr. Lewis A. Carroll, Asst. U. S. Atty., Washington, D. C., entered an appearance for appellees.

Before EDGERTON, WILBUR K. MILLER, and PRETTYMAN, Circuit Judges.

**PER CURIAM.**

Appellants' complaint asked for a declaration that Kentucky is entitled to have its insurance agreement with the federal government modified so as to extend Federal Old Age and Survivors Insurance, which the appellees administer, to the employees of the City of Louisville Municipal Housing Commission. The complaint also asked an injunction to restrain appellees from adhering to their different interpretation of the Social Security Act.

The District Court dismissed the complaint on the ground that appellees' interpretation of the Act is not clearly wrong. Cf. Unemployment Compensation Commission of Alaska v. Aragon, 329 U.S. 143, 153, 67 S.Ct. 245, 91 L.Ed. 136. We think appellees' interpretation right.

The Social Security Act as amended authorizes voluntary agreements between the federal government and the States for insurance of State and local employees, but provides that "No agreement with any State may be made applicable (either in the original agreement or by any modification thereof) to any service performed by employees as members of any coverage group in positions covered by a retirement system on the date such agreement is made applicable to such coverage group." 64 Stat. 515 (1950), 42 U.S.C.A. § 418(d). The term "retirement system" is defined as "a pension, annuity, retirement, or similar fund or system established by a State or by a political subdivision thereof." 64 Stat. 514 (1950), 42 U.S.C.A. § 418(b) (4).

An exhibit attached to the complaint shows that the Louisville Municipal Housing Commission is a member of the National Health and Welfare Retirement Association, which is organized for the purpose of providing its employees and the employees of its members with pensions. Appellants concede that the Housing Commission is a "political subdivision," and do not deny that its employees are covered by the Retire-

ment Association's pension system, but contend that this system is not "established" by the Housing Commission and therefore is not a "retirement system" as defined in the Act. We think it clear that by becoming a member of the Retirement Association, the Housing Commission "established" the system in question for the Commission's employees. We disagree with appellants' contention that the Act contemplates only systems established by legislation.

Affirmed.